UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE BARTON *and* ZACHARY ZAITZEFF,<br><br>                    Plaintiffs,<br><br>             -v-<br><br>NORTHEAST TRANSPORT, INC., *and* LAND-AIR EXPRESS OF NEW ENGLAND, LTD.,<br><br>                    Defendants. | No. 21-CV-326 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

On January 24, 2022, the Court issued an Opinion & Order (the "Opinion") granting Northeast Transport, Inc.'s Motion To Dismiss.  (*See* Opinion 26 (Dkt. No. 38).)  The Court dismissed Plaintiffs' Complaint without prejudice, granting Plaintiffs until February 24, 2022, to file an amended complaint correcting the deficiencies identified in the Opinion.  (*Id.*)  The Court warned that "[i]f Plaintiffs fail to abide by the . . . deadline, this Action could be dismissed with prejudice."  (*Id.*)  The Court also noted that "Land-Air did not join the instant Motion and has not yet appeared in this Action," but found that dismissal was nonetheless "proper," ordering Plaintiffs show cause by February 24, 2022, "as to why their claims should not be dismissed against Land-Air."  (*Id.*)  Plaintiffs neither filed an amended complaint nor offered a rationale regarding dismissal against Land-Air.

On February 24, 2022, the Court issued an Order to Show Cause (the "Order") directing Plaintiffs to show cause as to why this Action should not be dismissed for failure to prosecute. (Order 1 (Dkt. No. 39).)  The Order warned that if Plaintiffs failed to respond, the case may be

dismissed without further notice. (*Id.*) As of the date of this Order, Plaintiffs have not filed an amended complaint or otherwise communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

> be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiffs' case. Plaintiffs were ordered to file an amended complaint in the Opinion in order to continue their Action and to show cause as to why claims against Land-Air should not also be dismissed. (Opinion 26.) Subsequently, the Court ordered Plaintiffs to show good cause as to why the case should not be dismissed. (Order 1.) Both the Opinion and the Order informed Plaintiffs that failure to comply with the Court's instructions could result in dismissal with prejudice. (*See* Opinion 26; Order 1.) Plaintiffs have failed to comply with these Orders. Accordingly, Plaintiffs' case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001)

(dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of the Court is respectfully directed to close this case and to mail a copy of this Order to Plaintiffs.

SO ORDERED.

Dated: March 30, 2022
       White Plains, New York

                                       KENNETH M. KARAS
                                       UNITED STATES DISTRICT JUDGE